UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jerry Ison

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

PA Kachappilly, Doctor
L. Jackson, Dep't of Health Services
L. Malin, Department of Programs
J. Manuel, Program Comm. Chairperson
Michael Capra, Superintendent
Anthony J. Annucci, Acting Comm.
Rachel Seguin, Acting Dir. Grievance Programs
Rod Rosario

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

23-V-3402 (NSR)

AMENDED
COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

RECEIVED
OCT 10 20__
U.S.D.C.
W.P.

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name Jerry Ison
ID # 18A2403
Current Institution Attica Correctional Facility
Address Box 149
Attica, New York 14011-0149

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name PA Kachappilly, Doctor    Shield #
Where Currently Employed Sing Sing Corr. Facility
Address 354 Hunter Street
Ossining, New York 10562

RECEIVED
OCT 11 2023
PRO SE OFFICE

Defendant No. 2    Name L. Jackson, Dep of Programs Shield #
Where Currently Employed Sing Sing Corr, Facility
Address 354 Hunter Street
OSSINING, New York 10562

Defendant No. 3    Name L. Malin, Dep of Programs Shield #
Where Currently Employed Sing Sing Corr, Facility
Address 354 Hunter Street
OSSINING, New York 10562

Defendant No. 4    Name J. Manuel, Program Comm, Chairperson Shield #
Where Currently Employed Sing Sing Corr, Facility
Address 354 Hunter Street
OSSINING, New York 10562

Defendant No. 5    Name Michael Capra, Superintendent Shield #
Where Currently Employed Sing Sing Corr, Facility
Address 354 Hunter Street
OSSINING, New York 10562
SEE ATTACH

**II.    Statement of Claim:**

State as briefly as possible the facts of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
Sing Sing Correctional Facility.

B.    Where in the institution did the events giving rise to your claim(s) occur?
Sing Sing Medical department.

C.    What date and approximate time did the events giving rise to your claim(s) occur?
Around October 10, 21

Defendant List 2nd Service Addresses

Defendant #6 Anthony J. Annucci, Acting Commissioner
DOCCS
Bldg 2, State Campus
Albany, New York 12226-2050

Defendant #7 Rachel Seguin, Acting Dir., Grievance Programs
DOCCS
Bldg 2, State Campus
Albany, New York 12226-2050

Defendant #8 Roa Rosario Nurse Administrator
Sing Sing Corri Facility
354 Hunter Street
Ossining, New York 10562

②

D.    Facts: I was denied access to work for food service. under 504 Act ADA Act.

**What happened to you?**

**Who did what?**

My Provider. PA Kachappilly denied me the opportunity to participate in this program.

**Was anyone else involved?**

L. Jackson, Department of Health Services.
L. Malin, Department of Programs.
J. Manuel Program Committee Chairperson.
Michael Capra, Superintendent.
Anthony J. Annucci, Acting Commissioner.
Rachel Seguin, Acting Director, Grievance Programs.
Roa Rosario, Nurse Administrator

**Who else saw what happened?**

No one, but I spoke to my peers about what happen to me.

III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

PTSD order, Emotional distress, Anxiety, Mental anguish, Loss of weight

IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes  ✓    No _____

*Rev. 05/2010*                                    3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). **Sing Sing Correctional Facility**

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes **✓**    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know **✓**

If YES, which claim(s)? _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes **✓**    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? **At Sing Sing Correctional Facility**

1.    Which claim(s) in this complaint did you grieve? **Denial of access to the Messhall Food Service Program.**

2.    What was the result, if any? **Denied Access to participate in Food Service Program under 504 Act ADA Act.**

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. **Superintendent, as well as CORC, Central Office review Committee.**

_____

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any: their response through their oyrlisson, were they did not investigate this Matter or the grievance, I shouldn't be at this point.

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

They did not investigate this Matter, and if they would have, I would of been place or cleard for Food Service Program.

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.  Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). # 500,000 IN COMPENSATORY damages From each defendant IN their INdividual and OFFicial Capacity From their Violation OF Plaintiffs right under the First Eight, and fourteent arendment of americans with disability Act Plaintiff, Is further Seeking relief IN regulatory action From the N.Y.S. NEW YORK STATE and its administrative official, through their Directive 4803 and Provisions under the americans with disability ACT, IN and that Sing Sine Correctional Facility, and all N.Y.S. Facilities Meets the Needs OF Plaintiff and others who have disabilities Under 504 ACT and ADA ACT

## VI.  Previous lawsuits:

On these claims

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No ✓

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff  NEW YORK POLICE DEPARTMENT & RiKers Island

Defendants  N.Y.C. & Rikers Island.

2.  Court (if federal court, name the district; if state court, name the county)  Eastern district & Southern.

3.  Docket or Index number  Can't remember.

4.  Name of Judge assigned to your case  don't KNOW

5.  Approximate date of filing lawsuit  2016

6.  Is the case still pending? Yes ____ No ✓

If NO, give the approximate date of disposition  2018

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?)  JudgMent IN MY Favor.

On other claims

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ____  No ✓

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.  Court (if federal court, name the district; if state court, name the county) _____

3.  Docket or Index number _____

4.  Name of Judge assigned to your case _____

5.  Approximate date of filing lawsuit _____

6.  Is the case still pending? Yes ____ No ____

If NO, give the approximate date of disposition _____

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

23-V-3402 (NRS)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 3 day of October , 2023

Signature of Plaintiff    Jerry Elson

Inmate Number    #) 18A2403

Institution Address    ATTICA Correctional Facility
Box 149
ATTICA, New York 14011-0149

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 3 day of October , 2023 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    Jerry Elson

# STATE OF FACT

A.  PlaintiFF allege a violation oF title II oF americans with disabilites ACT (ADA) a PlaintiFF Must allege (1) that he is a qualiFied individual with a disability (2) That he was exculded From Participation in a Public entity's Services, Programs or activites, or was otherwise discriminated against by a Plubic entity (3) That such exclusion or discrimination was due to his disability.

B.  Section 504 oF the (RA) Prohibits a Program or activity receivins Federal Funds From excluding or discriminating against Persons based on disability, was excluded From such Participation solely by reason oF his handicap: and (4) was denied Participation in a Program that receives Federal Funds.

C.  I was treated diFFerently From other similarly situated individuals without any rational basis. unequal treatment Motivated by Malicious or bad Faith, intent to inJure.

D.  To establish a violation under title II or (ADA) a Plaintiff Must demonstrate that (1) he is a qualified individual with a disability: (2) The deFendants are subJect to the (ADA) and (3) The Plaintiff was, was denied the oPPortunity to Participate in or beneFit From deFendants' services, Programs, or activities or was otherwise discriminated against by deFendants by reason oF his disability.

Americans with disabilities Act oF 1990 § 202, 42 U.S.C.A. § 12132 receive Funds 1973 § 2 et sea. 29 U.S.C.A. § 701 et sea

(NSR)
23-V-3402 NSR

## STATE OF FACT

E.  Plaintiff allege that his Mistreatment was Motivated by either discriminatory animus or ill will due to disability americans with disability act of 1990 § 202. 42 U.S.C.A. § 12132.

F.  Plaintiff alleging a Violation of Title II of (ADA) (1) intentional discrimination. (2) discrimination impact, and (3) a refusal to make a reasonable Modification with disabilities act of 1990 § 202. 42 USCA§,

AT MINIMUM defendants had authority to address the wantonly reckless Manner, under 504 Act reasonable accommodate.

G.  Once a defendant is on Notice of a Plaintiffs disability it is required to engage in an interactive Process in order to arrive at reasonable accommendation, N.Y.C. administrative code § 107 (28).

Under the ADA the interactive Process is one by which Plaintiff and doctor should work together to assess whether an individual can be accommendated. Americans with disabilities Act OF 1990 § 2 42 USCA § 12101.

H.  A Covered entity shall not conduct a Medical examination or Make inquires of a Job applicate as to whether such applicate is an invidual with a disability or as to the Nature or severity of Such disability.

A Covered entity May Make PreemPloyment into the ability of an applicate to Perform Job-related Functions.

STATE    OF    FacT

I.   Michael CaPra suPerintendent of sins sins
NEW YORK STATE DEPARTMENT OF CORRECTIONS
Practice Was so Persistent and widespread or Permant
and well Settdd as to Coustitue a custom or usage with
the Force of law and to imply the constructive Knowledge of
PolicyMaking officials or (2) by Identifying a Failure to train
or Supervise Subordinates to local PolicyMakers were at Minimum
deliberate indifferent as to know or obvious Consequence of their
inaction with resPect to custom.

J.   Inadequately train employess chooses not to train them, custom
or Practice, Moral certainty that his employess will confront a
giving situation, Mishandling the situation.
     1) Intentional discrimination (2) discrimination impact,
3) a refusal to Make a reasonable modification with disabilities
act of 1990 § 202 42 USCA §.

K.   Knowledge of disability is Prerequisite to discrimination
by reason of that disability in Violation of Tittle II of americans
disability act, ADA and rehabiltation act of 1973 § 504, 29
USCA § 12132

# STATE OF FACT

L. I am a qualified Individual under the americans with disabilites ADA Tittle II who suffer From scoliosis, Curvatur of the spine, I also suffer From a ulNar Nerve entraPment, right arm, Left brachial Plexus iNjury with chronic atrophy. right- kneE gun shot wound with chronic RUE, right kneE shorter than Left kneE. I also receive disability iNcome SSI.

M. ComPlaint arise From october 7, 2020 From corresPondence I received From J. MaNuel, Program committee chairperson, stating that IM ineligible to work For MessHall service.

IN another Letter From J. MaNuel Program committee chair-Person, she state they have Not received an approved Medical, and that was oN March 23, 2021.

N. PlaintiFF received a resPonse Letter From L. Malin, DePuty suPerintendent For Programs oN JuNe 21, 2021 reguarding MY reasonable accommondation From requesting to be able to Participate iN MessHall services.

O. oN 11th oF November 15, 2021 I wrote to DePuty, L Jackson oF Medical Services tryiN to FiNd out Why IM Not being Cleard For the MessHall.

P. oN November 29, 2021 I received a Letter From Q quick suPervisor iNmate grievance Program, saying based oN the iNJuries to both Left and right arm, I would Not be Cleard.

23-V-3402 (NSR)

## STATE OF FACT

Q    Plaintiff File grievance complaint on october 21,21 to why I'm not being place in the messhall.

R.    Plaintiff received a Letter From L. Jackson (DSHS) services, stating I have been deemed unsuitable by my medical provider on November 26,21.

S.    On 1/18/22 complainant received his denial From superintendent. Michael Capra. stating there is No support of allegation of discrimination.

T.    Complainant wrote back to deputy of health services on 1/31/2022 after the superintendent denied his grievance, requesting to be revaluated Per directive # 4803 reasonable accomodation should be made to Program 1/1 with disabilities, I received No response.

U.    Complainant received his denial From COBC central Office review committee.

V.    Now he File this Lawsuite under the Civil rights Act 42 U.S. 31983.

12

# FIRST CAUSE OF ACTION

1.    DeFendant NO.1 P.A. Kachappilly My Provider denied Me access or the Opportunity to Participate IN the Messhall Program, using False Pretense both My Left arm and right arm injuries.

   P.A. Kachappilly My Provider at sing sing correstional Facility. She Fall under color of Law IN an individual. capacity and official capacity violated complainent rights under tittle II of the ADA 504. Through her Intentional discrimination (2) discrimination impact and (3) refusal to Make a reasonable Modification with disabilites act of 1990 § 202 42 USCA§.

   Concern and Sympathy are Not What the statues require, (Modification are.)

   Knowledge of disability is Pre requisite to discrimination by reason of that disability IN Violation of Tittle II of american with disability Act ADA and rehabilitation of 1973 § 504, 29 USCA § 794 Americans with disabilities Act of 1990 § 202, 42 USCA§ 12132.

13

# FIRST Cause of Action

Defendant P.A. Kachappilly in a correspondence letter stating I'm ineligible to work in Messhall, with no good reason to why. Letter dated october 7, 2020. And that information sent to her from J. Manuel, program committee chairperson.

In another Correspondence Letter from Medical to J. Manuel, program committee chairperson, stating I have not received an approved medical. correspondence letter dated March 23, 2021

One Letter from Q Quick supervisor inmate grievance program dated october 18, 2021 she explain to me too consult with my medical provider to see what is preventing me from being cleared for the food service program.

Defendant P.A. Kachappilly Notified L. Jackson (DSHS) of health services on November 26, 2021. Telling her I have been deemed unsuitable by my medical provider, and I should speak to her.

In a follow up Letter from Q Quick Program supervisor to me, telling me based on injures to both left and right arm I will not be cleared, and how do you want to proceed from here?

14

# First Cause Of Action

Defendant P.A. Kachapplly toatly disreguarded Directive # 4803. PHILOSOPHY: Programs are designed to Promote the rehabilitation, of the inmate and their successful and productive reintegration into society.

And her intentional discrimination as well as deliberate indifference through her wantonly reckless manner, under 504 Act reasonable accommodate in Violation of Plaintiffs rights under the First, Eight and Fourteent amendment, of the United states Constitution as Mandates of americans with disabilit Act.

23-cv-3402 (NSR)

## SECOND CAUSE OF ACTION

Denfendant #2 L. Jackson, Dep of HEALTH SERVIES
Sing Sing Correctional Facililty, Under Color of State Law IN
aN individaul Capacity and official capacity after being iNForm
OF MY CONdition, and why I was being deNIed access to
the Messhall.

I received a letter From her sayiN I was deemed uN-
Suitable by MY Medical Provider, letter DAted 11/26/21. She Fail
to investigate this Matter at all.

L. Jackson Dep of health Services displayed inteNtioNal
discrimination or at miNimum had some authority to address the
WaNtoNly reckless MaNNer under 504 ACT reasonable accommodate.
Violation oF PlaiNtiffs rights uNder the First, Eight and
Fourteeth amendment oF the United States CoNtitution as
MaNdates OF americaNs With disability AcT.

Failing to comply with Sing Sing owN ADA directive
IN MaiNtaining a qualFied ADA Coordinator and advisory committee
to handle ADA Issues, Failing to Make efforts to iNtegrate
disabled INMates With the spirit oF the ADA IMPLemeNting
regulations.

MaiNtaining "blanKet excusioNary Policies For disability
Mates INMates regarding access to Various Services Activi-
Ties aNd Programs IN Violation OF ADA"

16

23-V-3402

# Third Cause of action

Defendant #3 L. Malin Dep Superintendent For Programs Sing Sing Correctional Facility under color state law in an individual capacity and official capacity.

I received a response Letter From him about my reasonable accommodation Form I summitted intead of Filling the Form out and sending it to medical he wrote back stating he could not understand what I was asking For.

He violated his own directive 4803 reasonable accommodate, his Policys Practice was so Persistent and Widespread or Permanent and Well settled as to constitue a custom or usage with the Force of law and to imply the constructive knowlege of Policy making officials to intentional discrimination (2) discrimination impact and (3) a refusal to make a reasonable modification with disabilities Act of 1990 § 202 42 USCA §.

And Failure to train or supervise as to know or obvious consequence of their inaction with respect to custom.

Inadequately train employess chooses not to train them. Custom or Practice, Moral certainty that his employees will confront a giving situation mishandling the situation.

17

## Third Cause OF Action

DEP. superintendent L. Malin OF Programs violation OF Plaintiffs rights under the First, Eight end Fourteent amendment OF the Unite States constitution as Mandates OF americans with disability Act.

Failing to "appropriately evaluate and address ADA accommodation request and disability- related grievance," Failing to identify and track disabilites and accommodation request IN a meaningful way"

Failing "to comply with sing sing own directive IN Maintaining a qualified ADA coordinator and advisory committee to handle ADA Issues."

18

# Fourth Cause of Action

Defendant #4, Ass Dep superintendent For Mental health J. Manuel chairperson For program committee under Color of state law, denied me access to the messhall by not investigating the matter at all, she had the vise at her control right there her computer, could of look up my work history and seen I've been cleard and work in Comstock Prison Prior to Sing sing Correctional Facility, and have a Food service handling Certificate From Greenhaven Correctional Facility 1997, work For Food service Fishkill Corr, Facility.

She sent me a Letter stating Medical said Im ineligible to work, and that was on october 7, 2020. In another Letter dated March 23, 2021 stating she has not receive approved Medical yet. In her last letter to me dated June 7, 2021 telling me if I don't report to the program committee For a Job, I will automatically be place in a program / Job.

J. Manuel also displayed intentional discrimination or at minimum had some authority to address the wantonly reckless Manner under 504 Act reasonable accomodate, violation of Plaintiffs rights under the First Eight, and Fourteeth amenhent of the United states constitution as Mandates of americans with disability Act.

18

## Fourth  Caues  of  Action

J. Manuel Program committee chairperson violated dirctive 4803 reasoable acconModate, her Polices and Practice was so persistent and wide spread or per Nat and well settled as to constitute a custom or usage with the force of law and to imply the coustructive Knowlege of Polixy Making officel to intentional discrimination (2) discrimination impact." and (3) a refusal to Make a reasoNable modification with disabilites Act of 1990§ 202 42 USCA§ and Failure to train or sup-Vise as, to kNow or obvious conquence of their inaction with respect to custom.

InadequAtely trained employess, chooses Not to train them, custoM or Practice, Morel Certainty that his employess Will confront a giving situation mishandling the situation.

# Fifth cause OF Action

Defendent #5, Micheal Capra superintendent OF Sing Sing Correctional Facilit under color OF State Law, IN an individual Capacity and official Capacity knowingly allowed his subordinates or as supervisor of his Facility had authority to address the Wantonly reckless Manner under 504 Act reasonable accommodate.

Micheal Capa superintendent OF Sing Sing state facility Practice was so Persistent and widespread or Permanent and well settled as to constitute a custom or usage with the Force OF law and to imply the constructive Knowlege OF Policy Making officials to "intentional discrimination" (2) discrimination Impact' and (3) a refusal to Make a reasonable Modification with disabilites Act of 1990 § 202 42 USCA § and Failure to train or supervise as to Know or obvious consequence OF their inaction with respect to custom.

Superintendent denied My grievance on January 18, 22 by sayin there is No evidence to support the allegations of discrimination so why Micheal Capa denied My grievance and didnt Place Me in the Messhall.

My Provider could OF gave Me Medical, Uassign to back up her theory to support her allegations OF Left and right arm ParaParesis and Neuropathy.

21

## Fifth Cause of action

Micheal Capa superintendent of sing sing correctional Facility Fail "to comply with the ADA in Providing disabled inmates access to Programs and services due to Physical and architectural barriers,"

Failing to Provide "adequately train staffed, and safe orderly assistance" whenever "Physical modification have not been Made to Provide Proper oversight of health care orderlies"

Failing "to comply with sing sing own ADA directives in Maintaining a qualified ADA Coordinator and advisory committee to handle ADA Issues."

Failing to "make efforts to integrate disabled inmates whthin the Spirit of the ADA implementing regulations"

Failing to "adequately train Medical staff regarding compliance."

Failing to "appropriately evaluate and address ADA Accomm-odation request and disability related grievance,"

Failing to "identify and track disabilities and accommom-dation request in a meaningful way,"

23-V-3402 (NSR)

## Fifth Cause of action

Failing to "accommodate disabled inmates in applying discipline" and

Maintaining "blanket exclusionary Policies for disabled inmates regarding access to various services, activities, and Programs in violation of the ADA"

Inadequately trained employess chooses not to train them. Custom or Practice. Moral certainty that his employess will confront a giving situtation Mishandling the situtation,

Failing to act on information indicating that unconstitutional act were occurring and in violation of Plaintiffs right under the First Eight, and Fourteenth amendment of the United states Constitution as Mandates of americans with disability Act.

23

23-V-3402(NSR)

# Six Cause Of Action

Defendent #6 Anthony J. Annucci Acting Commissioner.

He denied complainant grievance on April 7, 22 He Fall Under color of State Law). The denial was base on his administration Judgment call base on experience and available Information to prevent difficulties.

Commissioner Annucci he acted directly if not directly Indirectly as a supervisor under 1983 these defendants are under his control he is held responsible cause he (1) Failure to remedy a wrong after being informed through a report or appeal (2) creation of Policy or custom that sanction conduct amouting to a Constitution Violation or allowing such a Policy or custom to continue. (3) grossly Negligent supervision of subordinates who committed a Violation or (4) Failure to act on Information indication that unconstitutional act were occurring, and in Violation of Plaintiffs rights under the First Eight, Fourteent amendment of the United States constitution as Mandate of americans with disability ACT.

Failing to track "Identify disabilities and accommodation in a meaningful way" Maintaining blanket exclusionary Policies for disabled inmates regarding access to various Services activites and Program in Violation of the ADA.

24

## Seventh Cause Of action

DenFendent #7 Rachael Seguin, Acting director incarcerated grievance Program Under color OF state Law, Fail to investigate and Could have change course OF my grievance, she could of spoke to commissioner and explain to him my status and that I was drafted From comstock messhall to sing sing correctional Facility. Rachael Seguin she review grievance that are denied by superintendent's statewide, but she don't do NO investigation, and it's rarely that a commissioner will, overturn a superintendent decision who runs a state Prison.

"Policy or custom."

I received a memoranum receipt OF appeal From her dated 3/17/2022, stating a disposition will be sent to you after the grievence is reviewed by CORC.

Rachael Seguin her office at CORC Practice was so Persistent and widespread or Permanent and well settled as to constitue a custom or Usage with the Force OF law and to imply the constructive Knowlege oF Policy Making oFFicials to intentional discrimination (2) discrimination impact (3) a refusal to make a reasonable modification with disabilites Act 1990 §  
202 42 USCA §

# Seventh Cause of action

. and Failure to train or supervise as to know or obvious consequence of their inaction with respect to Custom.

. Inadequately trained employess chooses not to train them, Custom or Practice, Moral Certainty that his employess will confront a giving situtation Mishandling the situation.

Defendent Seguin through an investigation would have found that Mr. Ison work for other food handling Services in other Prisons, and have a food handling Certificate From greenhaven correctional Facility.

Acting director Srievance Program violation of Plaintiffs rights under the First Eight, and Fourteenth amendment of the United states constitution as Mandates of americans with disability Act.

# Eight Cause OF Action

Defendant # 8 Roa Rosario .    Nurse administrator under color of state Law IN there individual capacity and official <sub>capacity</sub> did Knowing compire amongest N.Y.S. docs administrative official When they Failed to or adhere too the Provisions of directive # 4803,

IN a letter From Mr. Ison to the Nurse adm-initrator requarding a Medical Shower Pass due to my disability. Cause Mr. Ison Provider P.A. Kachappilly wouldn't assign him one, she displayed intentional discrimination, (2) discrimination Impact, and (3) a refusal to make a reasouble Modification with disabilites Act of 1990 & 202 42 USCAS

Failing to comply with the ADA IN Providins disabled INMates access to Programs and Services due to Physical and architectural barriers;

Failing to Provide adequately trained Staffed, and orderly assistance Whenever Physical Modifications have Not been Made to Provide access to handicapped Prisoners, as well as a Failure to Provide Proper oversight, oversight of health Care orderlies,

Failing to adequately train Medical Staff regarding ADA compliance.

## Eight Cause of action

AT MINIMUM had authority to address the Wantonly Reckless Manner, under 504 Act reasonable accommodate.
Knowledge of disability is Prerequisite to discrimination by reason of disability in violation of tittle II of americans with disability Act, ADA and rehabilities Act of 1973 § 504 29 USCA § 794 Americans with disabilities of Act of 1990 § 202, 42 USCA § 12132, and in Violation of Plaintiff rights under the First Eight and Fourteent amendment of the unite States Constitution as Mandates of americans with disability Act.

Jerry Ison #18A2408
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

NEOPOST
10/04/2023 $002.31⁰
US POSTAGE

ZIP 14011
041M11284183



RECEIVED
OCT 10 20
U.S.D.C.

Pro SE Clerk
ted States Dist
hern District o
Quarropas Stree
e Plains, NY 10601

LEGAl MAIL

Five Free

LEGAl MAIL

Five Free