USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/28/2026

**MEMORANDUM ENDORSEMENT**

7:23-cv-3402-NSR

Jerry Ison v. Kachappilly, et. al.

The Court is in receipt of several documents submitted by *pro se* Plaintiff, including: (1) a motion to vacate the default judgment order entered on November 21, 2025; (2) a notice of appeal, along with a motion for an extension of time to file the notice of appeal; and (3) a motion for leave to proceed in forma pauperis on appeal. (ECF Nos. 68–71.)  Defendants subsequently filed a letter response opposing Plaintiff's motion to vacate the previously entered default judgment. (ECF No. 72.)  The Court addresses each of Plaintiff's motions in turn.

### I.    Plaintiff's Motion to Vacate Default Judgment

Plaintiff seeks to vacate the default judgment order entered on November 21, 2025. (ECF No. 68.)  This Court has given Plaintiff ample time to file a Second Amended Complaint ("SAC"). On March 31, 2025, the Court granted Defendants' motion to dismiss in its entirety without prejudice to Plaintiff filing a SAC no later than May 12, 2025. (ECF No. 53.)  The Court further advised that Plaintiff's failure to timely file an amended pleading would result in his claims being dismissed with prejudice. (*Id.*)  On April 29, 2025, Plaintiff sought an extension until May 26, 2025, to file his SAC. (ECF No. 54.)  The Court granted Plaintiff's application to the extent of extending his time, once again, until June 23, 2025, to file his amended pleading. (ECF No. 55.) Despite the Court's clear directives, on July 1, 2025, Plaintiff filed an Opposition to the motion to dismiss, which was previously resolved, and failed to file an amended pleading. (ECF No. 56.)

On October 7, 2025, Defendants moved to dismiss Plaintiff's claims with prejudice for failure to prosecute and comply with the Court's prior orders. (ECF No. 58.)  The Court nevertheless granted Plaintiff a final extension until November 17, 2025, to file an amended pleading. (ECF No. 59.)  Plaintiff failed to meet that deadline, and, as a result, the Court dismissed the action pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 62.)  After the action was dismissed, Plaintiff filed a Second Amended Complaint on December 5, 2025—nine months after the Court originally granted leave to file it. (ECF No. 64.)  Plaintiff now moves to vacate the judgment following his period of inactivity. (ECF No. 68.)  Plaintiff, however, fails to provide any basis for vacatur, other than requesting that the Court appoint pro bono counsel. (*Id.*)  Plaintiff cannot take a nine-month hiatus from his case and expect the Court and parties to sit idle— especially after the Court has given Plaintiff ample opportunity to file a timely SAC.  For the foregoing reasons, Plaintiff's motion to vacate the default judgment is DENIED.

### II.    Plaintiff's Appeal Motion for an Extension of Time to File the Notice of Appeal

Plaintiff also seeks to appeal the Court's default judgment order. (ECF No. 69.)  The Clerk of Court entered judgment against Plaintiff on November 25, 2025. (ECF No. 63.)  Plaintiff filed his notice of appeal on January 7, 2026. (ECF No. 69.)  Under Federal Rule of Appellate Procedure 4(a)(1), a party must file a notice of appeal "with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).  Plaintiff's notice of appeal is therefore thirteen days late.  Plaintiff asserts that his notice of appeal was untimely due to staffing shortages at his facility resulting from a strike, as well as medical issues. (ECF No. 71.)  Plaintiff, however,

1

provides no evidence to support these assertions.  Moreover, Plaintiff filed an untimely SAC on December 5, 2025, at which time he could have instead filed a timely notice of appeal. (ECF No. 64.)

Nevertheless, given that Plaintiff is a *pro se* litigant, the Court directs Defendants to (1) determine whether there was a staffing shortage at Plaintiff's facility during the relevant period that would have prohibited his access to the law library; and (2) inquire whether Plaintiff was experiencing medical issues during that time by February 13, 2026.

### III.    Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on Appeal

The Court finally addresses Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. (ECF No. 70.)  The Court GRANTS Plaintiff's request to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

The Clerk of Court is kindly directed to mail this Endorsement to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.  The Clerk of Court is also kindly directed to terminate the motions at ECF Nos. 70–71.

SO ORDERED

Dated: January 28, 2026
      White Plains, NY

Nelson S. Román, U.S. District Judge

2



Jerry Ison # 18A2403
Attica Corr, Facility
Box ,149
Attica, New York 14011-0149

NOTICE OF Default
Judgment $ 32.15.

January 12, 2026

Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re: Jerry Ison V. Kachaplilly, et, 23-CV-3402(NSR)

Dear Judge Roman:
    I'm writing to declair a default Judgement on my second amendment Complaint for failuar to Prosecute, also I would ask for directions on what a second amendment complaint detail, Looking the word up, in my dictionary (Amendment) Means 1. Improvement 2. Correction. 3 To revise. adding, deleting or rephrasing. So I'm asking that my claim be reinstated or help from a Pro-bono attorney or to move forward, and I object to mr. robert feliu attorney General response to my second amendment complaint for failuar to Prosecute, and that I complied with everything the court ask me to do.

Thank you for your time
Mr. Jerry ison

CC: Robert C. Feliu Assistant attorney General

## VERIFICATION



STATE OF NEW YORK)
COUNTY OF WYOMING)   ss.:

I, ___Jerry Ison___, being duly sworn deposes and say that:

I am the ___Person___ herein named; I have read the foregoing ___Complaint___ and know its contents; the same is true to my knowledge except to those matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

___MR. Jerry Ison #18A2403___
                                        #
Attica Correctional Facility
Post Office Box 149
Attica, New York  14011-0149

Subscribed and sworn to before me

on this ____ day of _____, _____

_____
NOTARY PUBLIC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RECEIVED

JAN 2 7 2026

NELSON S. ROMAN
U.S. DISTRICT JUDGE
S.D.N.Y.

Jerry Ison

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

23 CV 3402 ( NSR    )

**NOTICE OF APPEAL**

PA Kachapilly, et al

(List the full name(s) of the defendant(s)/respondent(s).)

Notice is hereby given that the following parties: Jerry Ison

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the    ☐ judgment    ☑ order    entered on: November 21, 2025

(date that judgment or order was entered on docket)

that:

Failure to Prosecute.

(If the appeal is from an order, provide a brief description above of the decision in the order.)

1/7/26

Dated

Signature*

Ison, Jerry

Name (Last, First, MI)

Box 149, Attica Corr. Fac. N.Y.    N.Y,S    14011-0149

Address    City    State    Zip Code

Telephone Number    E-mail Address (if available)

---

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

JAN 27 2026

NELSON S. R
U.S. DISTRICT JUDGE
S.D.N.Y.

Jerry Ison
_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

23 CV 3402 (NSR )(    )

-against-

**MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

P.A Kachapilly, et al,
_____
(List the full name(s) of the defendant(s)/respondent(s).)

I move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time

to file a notice of appeal in this action. I would like to appeal the judgment

entered in this action on  11/21/25  but did not file a notice of appeal within the required
date

time period because:

because the facility has short of staff do to the strike, and been unable to make the call out do to medical reasons.

_____
(Explain here the excusable neglect or good cause that led to your failure to file a timely notice of appeal.)

1/7/26
Dated: _____

Signature _____

ISON, Jerry
_____
Name (Last, First, MI)

Box 149 Attica Corr.fac,      N.Y          N.Y.S.        14011-0149
Address                        City         State         Zip Code

_____                    _____
Telephone Number                           E-mail Address (if available)

Rev. 3/27/15

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAN 2 7 2026

Jerry Ison

(List the full name(s) of the plaintiff(s)/petitioner(s).)

23 CV 3402 (NSR)( )

-against-

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

PA Kachapilly, et al,

(List the full name(s) of the defendant(s)/respondent(s).)

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

1/7/26

Dated

Jerry Ison

Signature

Name (Last, First, MI)

Box 149 Attica Corr. Fac.

ISON, Jerry        N.Y.        N.Y.S.        14011-0149

Address        City        State        Zip Code

Telephone Number        E-mail Address (if available)

Rev. 12/23/13

# Application to Appeal In Forma Pauperis

Jerry Ison        v. PA Kachappilly        Appeal No. _____

District Court or Agency No. _____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it.  Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _Jerry Ison_ | Date: _1/7/26_ |

My issues on appeal are: (<u>required</u>):


1.      *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Self-employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 | $ 0 | $ 0 |

- 1 -

12/01/2013 SCC

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ 0 | $ 0 | $ 0 | $ 0 |
| Gifts | $ 0 | $ 0 | $ 0 | $ 0 |
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child support | $ 0 | $ 0 | $ 0 | $ 0 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability (such as social security, insurance payments) | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance (such as welfare) | $ 0 | $ 0 | $ 0 | $ 0 |
| Other (specify): | $ 0 | $ 0 | $ 0 | $ 0 |
| **Total monthly income:** | $ 0 | $ 0 | $ 0 | $ 0 |

2.   List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ 0 |
| | | | $ 0 |
| | | | $ 0 |

3.   List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer N/A | Address N/A | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ 0 |
| | | | $ 0 |
| | | | $ 0 |

4.    *How much cash do you and your spouse have?* $ ___O___

   *Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| NONE | | $ O | $ N/A |
| NONE | | $ O | $ N/A |
| NONE | | $ O | $ N/A |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5.    *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ O | (Value) $ O | (Value) $ O |
| | | Make and year: |
| | | Model: |
| | | Registration #: |

| Motor vehicle #2  None | Other assets  None | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $  None |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.    *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money  None | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $    0 | $    0 |
| | $    0 | $    0 |
| | $    0 | $    0 |
| | $    0 | $    0 |

7.    *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| NONE | NONE | |
| | | |
| | | |

8.    *Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) <br> Are real estate taxes included?  ☐ Yes  ☑ No <br> Is property insurance included?  ☐ Yes  ☑ No | $    0 | $    0 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $    0 | $    0 |
| Home maintenance (repairs and upkeep) | $    0 | $    0 |
| Food | $    0 | $    0 |
| Clothing | $    0 | $    0 |
| Laundry and dry-cleaning | $    0 | $    0 |
| Medical and dental expenses | $    0 | $    0 |

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 0 | $ 0 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ 0 |
| **Insurance (not deducted from wages or included in mortgage payments)** | | |
| Homeowner's or renter's: | $ 0 | $ 0 |
| Life: | $ 0 | $ 0 |
| Health: | $ 0 | $ 0 |
| Motor vehicle: | $ 0 | $ 0 |
| Other: | $ 0 | $ 0 |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 0 | $ 0 |
| **Installment payments** | | |
| Motor Vehicle: | $ 0 | $ 0 |
| Credit card (name): | $ 0 | $ 0 |
| Department store (name): | $ 0 | $ 0 |
| Other: | $ 0 | $ 0 |
| Alimony, maintenance, and support paid to others | $ 0 | $ 0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): | $ 0 | $ 0 |
| **Total monthly expenses:** | $ 0 | $ 0 |

9.  *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

    ☐ Yes    ☑ No    If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending — any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☑ No

    *If yes, how much?* $ _____

- 5 -

11.    *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

   I'm IN PRISON, 2ND CAN't PAYMENTS

12.    *Identify the city and state of your legal residence.*

City _Homeless_    State _N.Y.S._

Your daytime phone number: _NoNe_

Your age: _65_    Your years of schooling: _ABE_

Last four digits of your social-security number: _4612_

- 6 -

STATE OF NEW YORK
ATTORNEY GENERAL
WESTCHESTER REGIONAL OFFICE

JAN 2 0 2026

RECEIVED

January 12, 2026

Jerry Ison # 18A2403
Attica Corr. Facility
Box 149
Attica, New York 14011-0149

NOTICE OF DEFAULT
Judgment § 3215.

Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re: Jerry Ison v. Kachawilly, et., 23-CV-3402(NSR)

Dear Judge Roman:

Im writing to declair a default Judgement on my second amendment Complaint for failuar to prosecute, also I would ask for directions on what a second amendment Complaint detail, Looking the word up in my dictionary (Amendment.) Means 1. Inprovement 2. Correction. 3 To revise, altring, deleting or rephrasing. So Im asking that my Claim be reinstated or help from a pro-bono attorney or to move forward, and I object to Mr. Robert Felio attorney General response to my second amendment Complaint for failuar to prosecute, and that I complied with everything the Court ask me to do.

Thank you for your time
Mr. Jerry Ison

CC: Robert C. Felio Assistant attorney General

Case 7:23-cv-03402-NSR   Document 72-1   Filed 01/29/2026   Page 15 of 20

**ATTICA CORRECTIONAL FACILITY**
BOX 149
ATTICA, NEW YORK 14011-0149

NAME: Mr. Jerry Ison                    DIN: 18A2403

STATE OF NEW YORK
ATTORNEY GENERAL
WESTCHESTER REGIONAL OFFICE

JAN 1 6 2026

**RECEIVED**

LEGAL MAIL

ATTICA

CORRECTIONAL FACILITY

quadient
01/14/2026
US POSTAGE $000.74
FIRST-CLASS MAIL
IMI
ZIP 14011
041M11471730

Robert C. Feliu
Assistant Attorney General
STATE OF NEW YORK
OFFICE OF the attorney General
Westchester regional office
44 South Broadway
White Plains, N.Y. 10601

STATE OF NEW YORK
ATTORNEY GENERAL
WESTCHESTER REGIONAL OFFICE

JAN 2 0 2026

**RECEIVED**

1060134459 C020                    LEGAL MAIL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of                      X

Jerry Ison,

                    Plaintiff,

                                   **Affidavit of Service**

       v.                                    Case No. 23-CV-3402(NSR)

Kachappilly, ET AL,

                    Defendants. ————X

Stephen Fay, being duly sworn, deposes and says:

I am over eighteen years of age, not a party to the action, and employed in the Office of the Attorney General of the State of New York.

On the 28th day of January 2026, I served a copy of Letter Motion Opposing Plaintiff's Motion to vacate default Judgment(ECF#68), and Plaintiff's Notice of Appeal(ECF#69) and Motion for Extension of time to file a Notice of Appeal(ECF#71) on the following named person(s):

> Jerry Ison
> DIN 18A2403
> Attica Correctional Facility
> Box149
> Attica, NY 14011-0149
> **PRO SE**

the address designated by said person(s) for that purpose by depositing a true copy of same in a first class post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of United States Post Office Department within the State of New York.

Sworn to before me this 28TH
day of January 2026

_____
NIKKI BARKER
Assistant Attorney General

_____
STEPHEN FAY



**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

January 28, 2026

<u>**VIA ECF**</u>
Honorable Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:     ***Jerry Ison v. Kachappilly, et. al., 23-CV-3402 (NSR)***

Dear Judge Roman:

I am an Assistant Attorney General in the Office of Letitia James, Attorney General of the State of New York, and I represent L. Jackson, Kachappilly, L. Malin, J. Manuel, (ECF #12), Anthony J. Annucci, Racheal Seguin (ECF #14), and Rosa Rosario (ECF #33).

On November 21, 2025, Your Honor granted Defendants' application and dismissed the action for failure to prosecute pursuant to F.R.C.P. 41(b). (ECF #62). On November 25, 2025, the Clerk's Judgment was filed, and the case was closed. (ECF #63). The Clerk's Judgment was mailed to the Plaintiff on November 26, 2025, to his last known address, and it was not returned. Plaintiff via a letter motion to this Court, dated January 12, 2026, seeks a vacatur of the default judgment. (ECF #68, Pg. 1). The Plaintiff's letter is post-marked January 14, 2026. (Exhibit A, Pg. 2). For the following reasons the Plaintiff's letter motion should be denied.

1.   **The Correct Standard Governing Reconsideration After Dismissal for Failure to Prosecute Is Rule 60(b) and Rule 41(b), Not New York State C.P.L.R. 3215.**

Here, since this action was pending in the Southern District of New York (federal court), the Federal Rules of Civil Procedure govern. To the extent Plaintiff seeks relief from the judgment of dismissal for failure to prosecute (ECF #62, 63) his request is governed by Federal Rule of Civil Procedure 60(b). The New York State C.P.L.R provisions, including those governing default practice at C.P.L.R. § 3215, do not apply in federal court and provide no basis to vacate a federal judgment. (ECF #68, Pg. 1).

Under Rule 41(b), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Court has already exercised that authority here based on Plaintiff's repeated failure to comply with deadlines and orders. (ECF #62, 63). Once judgment is entered, any request to reopen the case is treated as a motion for relief from judgment under Rule 60(b). Relief under Rule 60(b) is an "extraordinary" remedy, reserved for exceptional circumstances, and is not a vehicle for relitigating issues already decided or for excusing a party's failure to comply with the Court's orders. Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). A motion to reconsider "is not a vehicle for ... presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

### 2. **Plaintiff's Motion Is Untimely**

Under Local Civil Rule 6.3, any motion for reconsideration was required to be filed within fourteen days. In this case, the docket reflects that both the Order and the Clerk's Judgment were mailed by the Court to the Plaintiff at his last available address, and they were not returned. (ECF #62, 63). Thus, Plaintiff's deadline to move for reconsideration lapsed on December 10, 2025. Accordingly, the Plaintiff's motion is time-barred. *See Hines v. BMG Rts. Mgmt. (US) LLC*, 711 F. Supp. 3d 200, 204 (S.D.N.Y. 2024) (denying untimely Rule 60(b) motion filed beyond Local Rule 6.3 deadline). Any argument by the Plaintiff that he could not file the motion for reconsideration in that fourteen (14) day time period is undercut by his own correspondence specifically that after the Clerk's Judgment was mailed the Plaintiff attempted to file a second amended complaint nine (9) months after the Plaintiff was originally granted leave to file an amended pleading. (ECF #64). Your Honor properly found that the submission was untimely, filed nine months after the leave to amend was granted, and only provided after the case had already been dismissed under Rule 41(b). (ECF #66).

### 3. **Plaintiff Has Not Satisfied Any Ground for Relief Under Rule 60(b)**

Rule 60(b)(6) requires both that a motion be brought within a reasonable time and that circumstances exist so exceptional that "principles of equity mandate relief." *Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 456 (W.D.N.Y. 2018), *aff'd*, 932 F.3d 83 (2d Cir. 2019) (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)); *see also Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (denying motion where movant failed to demonstrate extraordinary hardship).

Plaintiff has not met the substantive requirements for Rule 60(b) relief. His letter does not identify any mistake by the Court, newly discovered evidence, fraud, void judgment, or other circumstances that would justify reopening the case. Instead, Plaintiff simply invokes C.P.L.R. § 3215, objects to dismissal, and asks the Court to reinstate his claims. Plaintiff has not demonstrated excusable neglect. The record reflects that:

• On March 31, 2025, the Court ordered Plaintiff to file his Second Amended Complaint by June 3, 2025. (ECF #53). On May 8, 2025, Plaintiff requested an extension (ECF #54), which was granted and extended until June 23, 2025. (ECF #55). Plaintiff opposed Defendants' initial motion to dismiss for failure to prosecute (ECF #57, 58), and he was granted a FINAL extension until November 17, 2025. (ECF #59).

• Defendants mailed the memo endorsement to the Plaintiff. (ECF #60) However, Plaintiff did not comply with that deadline, and he was on notice that failure to comply would result in a dismissal WITH prejudice for those causes of action. (ECF #59, 61).

• Only after Defendants requested dismissal for failure to prosecute (ECF #61), and after the Court entered judgment (ECF #62, 63), did Plaintiff submit the instant letter (ECF #68). These facts show a pattern of disregard for the Court's orders and deadlines, not an isolated or excusable oversight. Rule 60(b) does not exist to relieve a party from the consequences of such deliberate inattention. Notably, Defendants would state that between the time Plaintiff filed his opposition July 1, 2025, to November 17, 2025, Plaintiff had one-hundred and thirty-nine (139) days or over four months to draft their second amended complaint; and from the date of the initial Opinion and Order from March 2025 approximately nine (9) months passed without the filing of an amended complaint by the Plaintiff. Courts in this District routinely dismiss cases after similar or shorter periods of inactivity. *See Lewis v. Hellerstein*, No. 14-CV-07886 BMC SN, 2015 U.S. Dist. LEXIS 103613, 2015 WL 4620120, at *4 (S.D.N.Y. July 29, 2015) (dismissing pro se complaint after four months of inactivity); *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) (affirming dismissal after three months of inaction).

### 4. **The Court Properly Dismissed the Action for Failure to Prosecute Under Rule 41(b)**

The factors relevant to dismissal under Rule 41(b) all support the Court's prior decision and weigh strongly against vacatur or reinstatement:

2

1. Duration of non-compliance: Defendants would state that between the time Plaintiff filed his opposition July 1, 2025, to November 17, 2025, Plaintiff had one-hundred and thirty-nine (139) days or over four months to draft their second amended complaint; and from the date of the initial Opinion and Order from March 2025 approximately nine (9) months passed without the filing of a second amended complaint by the Plaintiff.

2. Notice: The Court's Order(s) dated March 31, 2025 (ECF #53) and November 3, 2025 (ECF #59) expressly warned Plaintiff that failure to comply could result in dismissal for failure to prosecute.

3. Prejudice: Continued delay prejudices Defendants by prolonging the litigation, increasing costs, and risking faded memories or lost evidence, and there is no prejudice to the Plaintiff because his claims were already assessed on their merits when the initial Opinion and Order was decided for the Amended Complaint. (ECF #53).

4. Docket management vs. right to be heard: Plaintiff was afforded multiple opportunities, substantial time, and clear instructions, yet chose not to respond or move the case forward.

5. Lesser sanctions: Before dismissing, the Court employed lesser measures—such as warnings and extensions—which did not prompt compliance.

On this record, there is no basis to disturb the Court's prior exercise of its discretion under Rule 41(b). Plaintiff's Rule 60(b) request amounts to a disagreement with that discretionary determination, which is not a proper ground for relief from judgment.

Importantly, Plaintiff's pro se status does not excuse his failure to comply with court orders or to prosecute his case. Pro se litigants are still required to follow procedural rules and respect deadlines. Plaintiff's repeated non-compliance, despite warnings, weighs heavily against reopening the case.

### 5. **Plaintiff's Request for Pro Bono Counsel Should Be Denied**

Plaintiff also renews his request for appointment of pro bono counsel. The Court's authority to appoint counsel in civil cases arises from 28 U.S.C. § 1915(e)(1). The threshold requirement is that the plaintiff's claim must "seem likely to be of substance." Only if that threshold is met should the Court consider additional factors such as the plaintiff's ability to investigate the facts, the complexity of the legal issues, and the need for cross-examination at trial.

To the extent Plaintiff alleges he was unable to file a second amended complaint because he did not have legal counsel that contention is undercut by Plaintiff's own attempt to file a second amended complaint AFTER the Defendant's motion to dismiss for failure to prosecute and the Court's order granting that motion. (ECF #64). The attempted by filing shows that Plaintiff's delay in filing a second amended complaint was not based on his lack of legal knowledge but his refusal to comply with Court deadlines. Courts are not required to accept allegations contradicted by objective evidence. *See KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 365 (S.D.N.Y. 2014) (finding "allegations in the complaint that are 'contradicted by more specific allegations or documentary evidence' are not entitled to a presumption of truthfulness.")

Here, Plaintiff has not demonstrated that his claims are likely to be of substance, in fact the opposite is true. All of Plaintiff's initial claims were examined during the motion to dismiss on their merits and they were all dismissed in the initial opinion and order. (ECF #53). Furthermore, civil litigants have no constitutional right to counsel. *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68-69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case."). Moreover, Plaintiff's filing of prior letters, oppositions, and complaints, etc. all demonstrate his ability to comply with the Court's order, which he failed to do in this case for between four to nine months prior to the dismissal. (ECF #1, 25, 44, 46, 51, 54, 56, 58).

Finally, Plaintiff has also filed a motion to extend the Notice of Appeal deadline under F.R.C.P. 4(a)(5). (ECF #69, 71). For this relief to be granted the Plaintiff must show either: 'good cause' when the need for an extension arises from factors outside the control of the movant; [or] the 'excusable neglect' standard when the

3

need for an extension results from factors within the movant's control." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).

Plaintiff's new explanation asserted for the first time with his motion for an extension of time to file a notice of appeal (ECF #71) – attempting to show "good cause" (not within their control) by arguing that the facility was short staffed due to a strike – is without merit. The DOCCS strike occurred for approximately twenty-two (22) days ending on approximately March 10, 2025, and Defendants request the Court take judicial notice of the available information contradicting Plaintiff's assertion.[1] Second, these newly thought of excuses more aptly show Plaintiff's ability to draft documents including notices of appeal, motion to proceed in forma pauperis, and to vacate the prior judgment (ECF #68-71), all of which demonstrates the Plaintiff's ability to draft items like letters or complaints. However, none of Plaintiff's arguments explain the between four to nine months (depending on the date of counting) for his long-standing failure to comply with the Court's prior orders or prosecute his case, and thus under Rule 60(b) his case should remain dismissed.

"To determine whether he has established "excusable neglect" under Fed. R. App. P. 4(a)(5), courts consider the four factors outlined in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Thus, courts evaluate: [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith. [*Pioneer*, 507 U.S. at 395.]" *Griffin v Lamanna*, 2024 US Dist LEXIS 193919, at *5-6 [NDNY Oct. 23, 2024, No. 9:19-CV-0155 (BKS/DJS)]. The equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)).

Here, Plaintiff's argument that the facility is short of staff from the DOCCS strike, and his own medical reasons are undercut by two key facts. First, the strike ended on approximately March 10, 2025, and Plaintiff filed several correspondences after that date showing there was an opportunity to communicate with the Court and comply with the order and deadlines. *See* (ECF #44, 46, 51, 54, 56, 58). Moreover, despite Plaintiff's assertions of his medical issues, which all existed during the pendency of the action, he was able to file all of the aforementioned documents. *Id*. Plaintiff never even attempted to file a second amended complaint (ECF #64) until after the Clerk's Judgment was entered. (ECF #62 & 63). Again, Plaintiff's medical reasons alone are insufficient to show excusable negligence particularly when the excuse is generalized and did not prevent his ability to previously file. *See Lehr Constr. Corp. v. Flaxer*, 16-cv-4048 (AJN), 2017 U.S. Dist. LEXIS 15047, 2017 WL 464428, at *4 (S.D.N.Y. Feb. 2, 2017) ("Illness or disability alone does not constitute excusable neglect."). Defendants would note that the primary factor whether the reason for the delay was in the reasonable control of the movant [Plaintiff] is clearly established here as in total between the time Plaintiff filed his opposition July 1, 2025 (ECF #56), to November 17, 2025, Plaintiff had one-hundred and thirty-nine (139) days or over four months to draft their second amended complaint; and from the date of the initial Opinion and Order from March 2025 (ECF #53) approximately nine (9) months passed without the filing of a second amended complaint by the Plaintiff. All of that delay occurred after the DOCCS strike concluded, after the Plaintiff made numerous filings in the case despite his generalized medical issues, but he still failed to file a second amended complaint which is ultimately dispositive and warrants denial of his motion under F.R.C.P 60(b) and F.R.A.P. 4(a)(5).

*Robert Feliu*
_____
Robert C. Feliu[2]
Assistant Attorney General
Robert.feliu@ag.ny.gov

---

[1] https://www.cityandstateny.com/policy/2025/03/doccs-commissioner-prison-strike-over/403634/

[2] The undersigned respectfully requests that the letter motion opposing the Plaintiff's arguments across four separate filings (ECF #68-71) that Defendants be allowed to add one additional page to Your Honor's ordinary three page limit in the individual rules 3(A)(ii).